The opinion of the Court was delivered by
Johnstone, J.
We agree with the Chancellor, that Wm. Henry Haynsworth took a vested interest in the property conveyed in the deed. But we do not concur in his conclusion that that interest has been defeated by his failure to survive both his parents.
*122 A vested interest has the quality of transmissibility, and is not defeated by the death of the tenant. It is not to be taken away, except upon the occurrence of some event, which, by the terms of the grant, or a just construction of the instrument, was intended to terminate that interest. This principle is very just and reasonable, and has the merit of effectuating the intention of the grantor more completely than any other that has been suggested. Where the grant vests an interest generally and indefinitely in one person or class of persons, and this is followed by ulterior limitations to other persons, it is a plain case of preference of the former in the affections of the grantor. If the ulterior limitations are suspended upon conditions or contingencies, these must occur before the secondary grant can take effect. A contrary judgment would have the effect of supplanting the primary intention by the secondary, while yet the primary intention might be carried out.
In Kersh vs. Yongue, 7 Rich. Eq. 100, it was held that, the condition of an ulterior disposition not having occurred, prior dispositions creating vested and transmissible interests remained in full force. I might mention other cases of our own, and cases decided abroad, but this may suffice, I think fully sustaining the principles'I have announced. These principles show that, in the present case, the real question is, whether these ulterior limitations are entitled to be enforced. Have the conditions upon which they are suspended been fulfilled ? Have the contingencies attached to them, by the deed, occurred?
It is true that the construction must be upon the whole instrument; and if, by a fair construction, the contingencies annexed to the limitations over can be carried back, and applied also to the preceding interests, it should be so held. But the preceding interests here are given generally, and by words implying no restriction. After all that has been said in the decree, and in the argument here, or that, as I *123 conceive, can be said, the matter, to say the most, is left doubtful whether the grantor intended the words of contingencies to apply to the interests he had given before he made use of those words. Where doubts exist, they should not be allowed to disparage prior interests in favor of secondary. The more favored objects of bounty should prevail over the less favored. The effect of these observations is, that the ulterior limitations must be tried by their own strength, and upon the terms annexed to them.
And what are they? “Should my said granddaughter” (Mrs. Haynsworth) “and the said Henry Haynsworth” (her husband) “both die without leaving children living at the time of their decease, born of the said Mary E. Haynsworth, my said granddaughter,” then over to the ulterior.grantees. Should they both die without children at their death: what can this mean but that the limitation is made to depend upon a double contingency ? And is not fulfilled by the death of one of them without surviving children of the marriage. It is true Mr. Haynsworth (let his death occur when it may) must die without such children, the possibility of such issue being now extinct. But Mrs. Haynsworth left one living child of the marriage surviving her. Both haye not died, and cannot die, (as things have occurred,) without such issue. The result is, that the limitations over have not taken and cannot now take effect.
We are therefore of the opinion that the decree dismissing the bill should be reversed and set aside, and it is so ordered.
But we have not the record before us, and cannot proceed for want of it to make the decree for the plaintiff to which he is entitled. It is therefore further ordered that the case be remanded to the Circuit Court, which will proceed to decree according to the record.
O’Neall, C. J.pand Wardlaw, J., concurred.

Decree reversed.